UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW CHAPMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OFFICE OF MANAGEMENT AND ) <br> BUDGET, ) <br> ) <br> Defendant. ) <br> . ) | No. 18-CV-4269 |

# COMPLAINT

## INTRODUCTION

1. Plaintiff Matthew Chapman brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking an injunction ordering Defendant Office of Management and Budget ("OMB") to produce records it is improperly withholding related to Chapman's July 11, 2017 FOIA Request and November 29, 2017 Narrowed FOIA Request.

2. Chapman's original Request seeks metadata—the *to*, *from*, *cc*, *bcc*, and *date and time* information—for all emails sent by @omb.eop.gov email addresses during January 2017.

3. The Narrowed Request seeks metadata for January 19-24, 2017 and January 30, 2017.

4. The Requests do not seek the contents of email messages or subject lines.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction under 28 U.S.C. § 1331.

6. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B). Plaintiff resides in this district.

## PARTIES

7. Plaintiff Matthew Chapman is a software engineer and is the Executive Director of the Illinois not-for-profit Free Our Info. He brings this suit in his personal capacity and is a resident of Lake County.

8. Defendant Office of Management and Budget is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

## STATEMENT OF FACTS

### Initial FOIA Request and Denial

9. On July 11, 2017, Plaintiff, through counsel, emailed a FOIA request to Defendant. This request sought:

> …the following metadata for all emails sent or received in the month of January 2017 by or from persons with email addresses ending "@omb.eop.gov":
>
> 1. To address;
> 2. From address;
> 3. CC;
> 4. BCC; and
> 5. Date and Time.

A copy of the request is attached to and incorporated in this Complaint as Exhibit 1.

10. The Request noted that it was non-commercial, in the public interest, and part of broader work attempting to help the public understand the operations of government. Exhibit 1.

11. On July 13, 2013, Defendant confirmed receipt and assigned the Request the processing number 2017-230, but did not respond to the request within twenty business days as required by 5 U.S.C. § 552(a)(6)(A)(i).

12. On November 13, 2017, Defendant finally issued a determination on Chapman's Request, denying it and stating that the Request was "overly broad." A copy of the Denial is attached to and incorporated in this Complaint as Exhibit 2.

13. By its own admission, Defendant did not conduct any any search; it stated that in

order to comply with the request "a voluminous number of emails would need to be searched" and that searching and processing the required emails would "likely be very time-consuming and overly burdensome." Exhibit 2.

14. Defendant's November 13, 2017 Denial asserted that FOIA Exemption 5, 5 U.S.C. § 552(b)(5), would likely apply to the requested information but identified no other exemptions. Exhibit 2.

15. Chapman's Request did not seek the content of emails, but rather the metadata of them and thus Exemption 5 does not apply.

16. Defendant's November 13, 2017 Denial did not contain language regarding Chapman's right to appeal the adverse determination or to seek dispute resolution services as required by 5 U.S.C. § 552(a)(6)(A)(i)(aa)-(bb). Exhibit 2.

17. Defendant's November 13, 2017 Denial invited Chapman to "narrow the request by providing more specificity, such as a subject matter…." Exhibit 2.

**Narrowed Request, Non-Response; Appeal, Non-Response**

18. Upon Defendant's invitation, on November 29, 2017 Chapman narrowed his Request by reducing its scope from metadata for all of January 2017 to metadata for seven days of that month, a 77% reduction in requested material. A copy of the Narrowed Request is attached to and incorporated in this Complaint as Exhibit 3.

19. Defendant again did not respond to Chapman's Request within twenty business days as required by 5 U.S.C. § 552(a)(6)(A)(i).

20. As of the filing of this Complaint, more than six months after the Narrowed Request was submitted, OMB has not responded to Chapman's Narrowed Request.

21. On January 9, 2018, Chapman mailed an Appeal to OMB FOIA Officer Dionne Hardy and OMB Director Mick Mulvaney, challenging both the initial denial of his Request and

3

the delay in rendering a determination on his Narrowed Request. A copy of the Appeal is attached to and incorporated in this Complaint as Exhibit 4.

22. On February 26, 2018, Defendant emailed Chapman confirmation of receipt of his Appeal, indicating that it was received on February 23, 2018.

23. Defendant did not respond to this Appeal within the required twenty business day time frame, this time in violation of 5 U.S.C. § 552(a)(6)(A)(ii), and has provided no reason for the delay.

24. As of the filing of this lawsuit, almost four months after Defendant received his Appeal, Chapman has not received a response from Defendant.

## **COUNT I – VIOLATION OF FOIA FOR FAILURES TO RESPOND**

25. Plaintiff incorporates paragraphs 1-24 above as though fully set forth herein.

26. Defendant has failed on three occasions to timely respond to Plaintiff within the FOIA's statutory deadlines, two of which are pending and ongoing violations.

27. The FOIA requires an agency to respond to a requester's FOIA request within twenty business days, or, in "unusual circumstances," within thirty business days, except by agreement of the parties. 5 U.S.C. §§ 552(a)(6)(A)-(B).

28. The FOIA requires an agency to respond to a requester's FOIA appeal within twenty business days, or, in "unusual circumstances," within thirty business days. 5 U.S.C. §§ 552(a)(6)(A)-(B).

29. Defendant did not apply an "unusual circumstances" extension to Plaintiff's Request or Narrowed Request and did not apply an "unusual circumstances" extension to Plaintiff's FOIA Appeal.

30. Defendant also did not toll its FOIA Appeal time limit under 5 U.S.C. §§ 552(a)(6)(A)(ii)(I)-(II).

31. The parties did not agree to any modification of FOIA's statutory deadlines on the initial Request, Narrowed Request, or FOIA Appeal.

32. Defendant violated FOIA by failing to respond with a determination on Plaintiff's July 11, 2017 initial Request within twenty business days, waiting until November 13, 2017 to deny the Request and invite Plaintiff to narrow.

33. Defendant violated FOIA by failing to respond with a determination on Plaintiff's November 29, 2017 Narrowed Request within twenty business days. Defendant has not responded to this Narrowed Request and is currently in violation of the Act.

34. Defendant violated FOIA by failing to respond with a determination on Plaintiff's January 9, 2018 FOIA Appeal, received by Defendant February 26, 2018, within twenty business days. Defendant has not responded to Plaintiff's FOIA Appeal and is currently in violation of the act.

35. Plaintiff has exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II – VIOLATION OF FOIA FOR IMPROPER WITHHOLDING

36. Plaintiff incorporates paragraphs 1-24 above as though fully set forth herein.

37. Plaintiff has exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

38. Plaintiff's FOIA request is non-commercial in nature and the disclosure of requested information is in the public interest under 5 U.S.C. § 552(a)(4)(A)(iii) and a fee waiver is appropriate. Information about the operation of government is crucial to the functioning of a healthy democracy, and Plaintiff's Request seeks information that would contribute significantly to public understanding of the operations and activities of government.

39. Defendant has wrongly withheld records sought by Plaintiff's Requests, both on

the initial Request seeking records for the entirety of January 2017 and on the Narrowed Request seeking records for January 19-24 and January 30, 2017.

40. As to the Initial Request, Defendant has not conducted an adequate search as required by the FOIA, relying instead on conclusory declarations of the likely burden associated with a hypothetical search.

41. The exemption asserted by Defendant – 5 U.S.C. § 552(b)(5) – would not apply to Plaintiff's requested records because the requested records do not comprise the *contents* of inter- or intra-agency emails, only their metadata. The Requests therefore cannot be said to encompass records containing information of exemptible deliberative processes like those found in memoranda or letters as contemplated by this exemption.

42. Moreover, by its own admission, Defendant has not conducted any search for the information sought in Plaintiff's Requests.

43. Withholding records without a search based on a conclusory statement that a request is overly broad and an assertion that un-searched for, unreviewed materials would likely be subject to a statutory exemption violates the FOIA.

**REQUESTED RELIEF**

**WHEREFORE**, Plaintiff requests that this Court:

a) Declare Defendant's non-responses to Plaintiff's Requests and FOIA Appeal to be unlawful;

b) Order Defendant to produce records responsive to Plaintiff's Initial Request, or, in the alternative, to produce records responsive to his Narrowed Request;

c) Apply a fee waiver to the search, review, and production of records responsive to Plaintiff's Initial Request, or, in the alternative, to his Narrowed Request;

d) Award Plaintiff reasonable attorney's fees and costs in this action as provided by

6

    5 U.S.C. § 552(a)(4)(E); and

e) Grant any other relief the Court deems appropriate and just.

Dated: June 20, 2018

                                                  Respectfully Submitted,

                                                  /s/ Daniel E. Massoglia

Daniel E. Massoglia
Daniel E. Massoglia, Esq.
Illinois Bar No. 6317393
2865 W. Lyndale St.
# 1
Chicago, IL 60647
dmassoglia@gmail.com
(336) 575-6968

Mariana Karampelas
MK Law, LLC
Illinois Bar No. 6306288
180 W. Washington St.
Suite 700
Chicago, IL 60602
mk@mklawchicago.com
(312) 545-8660

*Attorneys for Plaintiff*