UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW CHAPMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18 C 4269 ) |
| OFFICE OF MANAGEMENT AND BUDGET, | ) Judge Tharp ) ) |
| Defendant. | ) ) |

## ANSWER TO COMPLAINT

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, for its answer to the complaint, states as follows:

### First Defense

The court lacks jurisdiction over the subject matter of this complaint for any relief that exceeds the relief authorized by statute under 5 U.S.C. § 552.

### Second Defense

The information that defendant has withheld, or will withhold, in response to plaintiff's FOIA request may be exempted in whole or in part from public disclosure under 5 U.S.C. § 552(b).

### Third Defense

Plaintiff is not entitled to attorneys' fees or costs in this action.

### Fourth Defense

Answering the specific allegations of the complaint, the defendant admits, denies, or otherwise avers as follows:

## Introduction

1. **Complaint:** Plaintiff Matthew Chapman brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking an injunction ordering Defendant Office of Management and Budget ("OMB") to produce records it is improperly withholding related to Chapman's July 11, 2017 FOIA Request and November 29, 2017 Narrowed FOIA Request.

    **Response:** Defendant admits that this action is seeking compliance with two FOIA requests issued to defendant.

2. **Complaint:** Chapman's original Request seeks metadata – the *to, from, cc, bcc,* and *date and time* information – for all emails sent by @omb.eop.gov email addresses during January 2017.
    **Response:** Admit.

3. **Complaint:** The Narrowed Request seeks metadata for January 19-24, 2017 and January 30, 2017.

    **Response:** Admit.

4. **Complaint:** The Requests do not seek the contents of email messages or subject lines.
    **Response:** Admit.

## Jurisdiction and Venue

5. **Complaint:** This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction under 28 U.S.C. § 1331.

    **Response:** Admit.

6. **Complaint:** Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B). Plaintiff resides in this district.

    **Response:** Admit.

## Parties

7. **Complaint:** Plaintiff Matthew Chapman is a software engineer and is the Executive Director of the Illinois not-for-profit Free Our Info. He brings this suit in his personal capacity and is a resident of Lake County.

    **Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7; accordingly they are denied.

8. **Complaint:** Defendant Office of Management and Budget is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

**Response:** Admit.

## Statement of Facts

### Initial FOIA Request and Denial

9. **Complaint:** On July 11, 2017, Plaintiff, through counsel, emailed a FOIA request to Defendant. This request sought:

> …the following metadata for all emails sent or received in the month of January 2017 by or from persons with email addresses ending @omb.eop.gov":
>
> 1. To address;
> 2. From address;
> 3. CC;
> 4. BCC; and
> 5. Date and Time.

A copy of the request is attached to and incorporated in this Complaint as Exhibit 1.

**Response:** Defendant admits that it received plaintiff's FOIA request, dated July 11, 2017, and refers the court to the FOIA request for a complete and accurate statement of its contents.

10. **Complaint:** The Request noted that it was non-commercial, in the public interest, and part of broader work attempting to help the public understand the operations of government. Exhibit 1.

**Response:** Defendant admits that it received plaintiff's FOIA request, dated July 11, 2017, and refers the court to the FOIA request for a complete and accurate statement of its contents. Defendant denies the remaining allegations of paragraph 10.

11. **Complaint:** On July 13, 2013, Defendant confirmed receipt and assigned the Request the processing number 2017-230, but did not respond to the request within twenty business days as required by 5 U.S.C. § 552(a)(6)(A)(i).

**Response:** Admit.

12. **Complaint:** On November 13, 2017, Defendant finally issued a determination on Chapman's Request, denying it and stating that the Request was "overly broad." A copy of the Denial is attached to and incorporated in this Complaint as Exhibit 2.

**Response:** Admit.

13. **Complaint:** By its own admission, Defendant did not conduct any search; it stated that in order to comply with the request, "a voluminous number of emails would need to be searched" and that searching and processing the required emails would "likely be very time-consuming and overly burdensome." Exhibit 2.

**Response:** Defendant admits that it issued a determination on plaintiff's FOIA request on November 13, 2017, and refers the court to the determination for a complete and accurate statement of its contents.

14. **Complaint:** Defendant's November 13, 2017 Denial asserted that FOIA Exemption 5, 5 U.S.C. § 552(b)(5), would likely apply to the requested information but identified no other exemptions. Exhibit 2.

**Response:** Defendant admits that it issued a determination on plaintiff's FOIA request on November 13, 2017, and refers the court to the determination for a complete and accurate statement of its contents. Defendant denies that the letter was a denial of the request. The letter invited plaintiff to narrow his requested search and stated that if plaintiff did not reply by December 27th the case would be administratively closed at that time.

15. **Complaint:** Chapman's Request did not seek the content of emails, but rather the metadata of them and thus Exemption 5 does not apply.

**Response:** Defendant admits that the FOIA request did not seek the content of the emails that were requested. Defendant denies the remaining allegations of paragraph 15.

16. **Complaint:** Defendant's November 13, 2017 Denial did not contain language regarding Chapman's right to appeal the adverse determination or to seek dispute resolution services as required by 5 U.S.C. § 552(a)(6)(A)(i)(aa)-(bb). Exhibit 2.

**Response:** Defendant admits that it issued a determination on plaintiff's FOIA request on November 13, 2017, and refers the court to the determination for a complete and

accurate statement of its contents. Defendant denies that such language was required since the letter was not a denial.

17. **Complaint:** Defendant's November 13, 2017 Denial invited Chapman to "narrow the request by providing more specificity, such as a subject matter…." Exhibit 2.

**Response:** Defendant admits that it issued a determination on plaintiff's FOIA request on November 13, 2017, and refers the court to the determination for a complete and accurate statement of its contents.

### Narrowed Request, Non-Response; Appeal, Non-Response

18. **Complaint:** Upon Defendant's invitation, on November 29, 2017 Chapman narrowed his Request by reducing its scope from metadata for all of January 2017 to metadata for seven days of that month, a 77% reduction in requested material. A copy of the Narrowed Request is attached to and incorporated in this Complaint as Exhibit 3.

**Response:** Defendant admits that it received a second FOIA request from plaintiff and refers the court to the second FOIA request for a complete and accurate statement of its contents.

19. **Complaint:** Defendant again did not respond to Chapman's Request within twenty business days as required by 5 U.S.C. § 552(a)(6)(A)(i).

**Response:** Admit.

20. **Complaint:** As of the filing of this Complaint, more than six months after the Narrowed Request was submitted, OMB has not responded to Chapman's Narrowed Request.

**Response:** Admit.

21. **Complaint:** On January 9, 2018, Chapman mailed an Appeal to OMB FOIA Officer Dionne Hardy and OMB Director Mick Mulvaney, challenging both the initial denial of his Request and the delay in rendering a determination on his Narrowed Request. A copy of the Appeal is attached to and incorporated in this Complaint as Exhibit 4.

**Response:** Admit.

22. **Complaint:** On February 26, 2018, Defendant emailed Chapman confirmation of receipt of his Appeal, indicating that it was received on February 23, 2018.

5

**Response:** Admit.

23. **Complaint:** Defendant did not respond to this Appeal within the required twenty business day time frame, this time in violation of 5 U.S.C. § 552(a)(6)(A)(ii), and has provided no reason for the delay.

**Response:** Admit.

24. **Complaint:** As of the filing of this lawsuit, almost four months after Defendant received his Appeal, Chapman has not received a response from Defendant.

**Response:** Admit.

## COUNT I – VIOLATION OF FOIA FOR FAILURES TO RESPOND

25. **Complaint:** Plaintiff incorporates paragraphs 1-24 above as though fully set forth herein.

**Response:** Defendant reincorporates its denials and responses to paragraphs 1-24 as though fully set forth herein.

26. **Complaint:** Defendant has failed on three occasions to timely respond to Plaintiff within the FOIA's statutory deadlines, two of which are pending and ongoing violations.

**Response:** Deny.

27. **Complaint:** The FOIA requires an agency to respond to a requester's FOIA request within twenty business days, or, in "unusual circumstances," within thirty business days, except by agreement of the parties. 5 U.S.C. §§ 552(a)(6)(A)-(B).

**Response:** Admit.

28. **Complaint:** The FOIA requires an agency to respond to a requester's FOIA appeal within twenty business days, or, in "unusual circumstances," within thirty business days. 5 U.S.C. §§ 552(a)(6)(A)-(B).

**Response:** Admit.

29. **Complaint:** Defendant did not apply an "unusual circumstances" extension to Plaintiff's Request or Narrowed Request and did not apply an "unusual circumstances" extension to Plaintiff's FOIA Appeal.

**Response:** Admit.

30. **Complaint:** Defendant also did not toll its FOIA Appeal time limit under 5 U.S.C. §§ 552(a)(6)(A)(ii)(I)-(II).

**Response:** Admit.

31. **Complaint:** The parties did not agree to any modification of FOIA's statutory deadlines on the initial Request, Narrowed Request, or FOIA Appeal.

**Response:** Admit.

32. **Complaint:** Defendant violated FOIA by failing to respond with a determination on Plaintiff's July 11, 2017 initial Request within twenty business days, waiting until November 13, 2017 to deny the Request and invite Plaintiff to narrow.

**Response:** Deny.

33. **Complaint:** Defendant violated FOIA by failing to respond with a determination on Plaintiff's November 29, 2017 Narrowed Request within twenty business days. Defendant has not responded to this Narrowed Request and is currently in violation of the Act.

**Response:** Deny.

34. **Complaint:** Defendant violated FOIA by failing to respond with a determination on Plaintiff's January 9, 2018 FOIA Appeal, received by Defendant February 26, 2018, within twenty business days. Defendant has not responded to Plaintiff's FOIA Appeal and is currently in violation of the act.

**Response:** Deny.

35. **Complaint:** Plaintiff has exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**Response:** Admit.

## COUNT II – VIOLATION OF FOIA FOR IMPROPER WITHHOLDING

36. **Complaint:** Plaintiff incorporates paragraphs 1-24 above as though fully set forth herein.

**Response:** Defendant reincorporates its denials and responses to paragraphs 1-24 as though fully set forth herein.

37. **Complaint:** Plaintiff has exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**Response:** Admit.

38. **Complaint:** Plaintiff's FOIA request is non-commercial in nature and the disclosure of requested information is in the public interest under 5 U.S.C. § 552(a)(4)(A)(iii) and a fee waiver is appropriate. Information about the operation of government is crucial to the functioning of a healthy democracy, and Plaintiff's Request seeks information that would contribute significantly to public understanding of the operations and activities of government.

**Response:** Defendant admits that it received plaintiff's FOIA request and refers the court to the FOIA request for a complete and accurate statement of its contents. Defendant denies the remaining allegations of paragraph 38.

39. **Complaint:** Defendant has wrongly withheld records sought by Plaintiff's Requests, both on the initial Request seeking records for the entirety of January 2017 and on the Narrowed Request seeking records for January 19-24 and January 30, 2017.

**Response:** Deny.

40. **Complaint:** As to the Initial Request, Defendant has not conducted an adequate search as required by the FOIA, relying instead on conclusory declarations of the likely burden associated with a hypothetical search.

**Response:** Deny.

41. **Complaint:** The exemption asserted by Defendant – 5 U.S.C. § 552(b)(5) – would not apply to Plaintiff's requested records because the requested records do not comprise the *contents* of inter- or intra-agency emails, only their metadata. The Requests therefore cannot be said to encompass records containing information of exemptible deliberative processes like those found in memoranda or letters as contemplated by this exemption.

**Response:** Deny. The FOIA requires agencies to disclose records that exist at the time the search is conducted. The FOIA does not require creation of new records or aggregation of information from separate existing records in response to FOIA requests.

42. **Complaint:** Moreover, by its own admission, Defendant has not conducted any search for the information sought in Plaintiff's Requests.

**Response:** Deny.

43. **Complaint:** Withholding records without a search based on a conclusory statement that a request is overly broad and an assertion that un-searched for, unreviewed materials would likely be subject to a statutory exemption violates the FOIA.

**Response:** Deny.

WHEREFORE, defendant requests that this case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Jimmy Arce
    JIMMY ARCE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-8449
    jimmy.arce@usdoj.gov