UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW CHAPMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICE OF MANAGEMENT AND )<br>BUDGET, )<br>)<br>Defendant. )<br>. ) | No. 18-CV-4269<br><br>Hon. Judge John Tharp, Jr. |

# JOINT INITIAL STATUS REPORT

1. **The Nature of the Case**:

   A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney**.

   Defendant's attorney is Assistant United States Attorney Jimmy Arce, lead trial attorney, 312-353-8449, jimmy.arce@usdoj.gov.

   Plaintiff's attorneys are Daniel Massoglia, lead trial attorney, 336-575-6968, dmassoglia@gmail.com; and Mariana Karampelas, federal trial bar member, 312-545-8660, mk@mklawchicago.com.

   B. **Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third party claims**.

   Plaintiff asserts that Defendant has violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 by failing to respond to requests and an appeal within statutory timeframes, by failing to conduct a search for requested records, and by failing to produce requested records. There are no Counterclaims or third party claims.

   C. **Briefly identify the major legal and factual issues in the case**.

   **Major legal issues**: anticipated legal issues are whether Defendant violated FOIA by not responding to requests and appeal in a timely fashion, whether Defendant conducted an adequate search for records, whether statutory exemptions would apply to records, whether Plaintiff is entitled to attorney's fees and costs if he substantially prevails, whether answering the Plaintiff's request would entail the creation of a "new record" under FOIA.

**Major factual issues**: whether Defendant possesses the technical capacity to conduct a search at less burden to its operations than has been alleged and whether answering the Plaintiff's request would entail the creation of a "new record" under FOIA.

**D. State the relief sought by any of the parties**.

Plaintiff seeks an order for production of non-exempt public records following an adequate search of its database(s), a fee waiver, and reasonable attorney's fees and costs.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s)**.

The court has subject matter jurisdiction over the Plaintiff's claims based on federal question jurisdiction.

**A. Identify all federal statutes on which federal question jurisdiction is based**.

Federal question jurisdiction is based on the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). Federal question jurisdiction is also based on 28 U.S.C. § 1331.

**B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction**:

Jurisdiction is not based on diversity or supplemental jurisdiction.

3. **Status of Service: Identify any defendants that have not been served**.

All defendants have been served.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented**.

Counsel have advised the parties that they may proceed before a Magistrate Judge and there is not unanimous consent to do so.

5. **Motions**:

**A. Briefly describe any pending motions**.

There are no pending motions.

**B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion**.

Defendant has responded to the Complaint by filing an Answer.

6. **Status of Settlement Discussions**:

**A. Indicate whether any settlement discussions have occurred**;

Parties have not initiated complete settlement discussions but have verbally discussed potentially pursuing an out-of-court solution to one issue in the case.

**B. Describe the status of any settlement discussions; and**

See response to 6(A).

**C. Whether the parties request a settlement conference.**

The parties believe it would be premature to request a settlement conference at this time.

Respectfully Submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Jimmy L. Arce
JIMMY L. ARCE
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-8449
jimmy.arce@usdoj.gov
*Attorney for Defendant*

/s/ Daniel E. Massoglia
*One of Plaintiff's Attorneys*

Daniel E. Massoglia
Daniel E. Massoglia, Esq.
Illinois Bar No. 6317393
2865 W. Lyndale St.
# 1
Chicago, IL 60647
dmassoglia@gmail.com
(336) 575-6968

Mariana Karampelas
MK Law, LLC
Illinois Bar No. 6306288
180 W. Washington St.
Suite 700
Chicago, IL 60602

mk@mklawchicago.com
(312) 545-8660
*Attorneys for Plaintiff*