UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-CV-4269 |
| | ) | |
| OFFICE OF MANAGEMENT AND BUDGET, | ) | Judge Hon. John J. Tharp |
| | ) | |
| | ) | Magistrate Hon. Jeffrey T. Gilbert |
| Defendant. | ) | |
| . | ) | |

**PLAINTIFF'S MOTION TO COMPEL MANDATORY
INITIAL DISCOVERY PILOT PROJECT (MIDPP) DISCLOSURES**

Plaintiff Matthew Chapman, by and through his attorneys, Daniel Massoglia, Esq. and MK Law, LLC, respectfully moves this Court to order Defendant Office of Management and Budget to comply with court-ordered Mandatory Initial Discovery Pilot Project disclosures, which Plaintiff has himself tendered, and on which good faith efforts to obtain compliance absent this motion have failed. In support, Plaintiff Chapman states as follows:

1. Plaintiff Matthew Chapman filed this lawsuit on June 20, 2018, and, after it requested and received multiple extensions of time to respond, Defendant filed its Answer on October 5, 2018. Dkt. 1, 9-15.

2. The Court in this matter is participating in the Mandatory Initial Discovery Pilot Project. Dkt. 4. In accord with the terms of the Mandatory Initial Discovery Pilot Project (MIDPP), Chapman tendered his initial MIDPP disclosures to Defendant by email on November 5, 2018 and

filed the required Notice of Service of Responses to Mandatory Initial Discovery with the Court. Standing Order Regarding Mandatory Initial Discovery Pilot Project; Dkt. 18.

3. After receipt of Chapman's disclosures, Defendant informed Plaintiff via email that as a matter of policy, "[the U.S. Attorney's Office for the Northern District of Illinois] generally does not issue initial disclosures for FOIA cases." *See* "Email Correspondence Between Parties' Counsel on Initial Disclosures," attached and incorporated as Exhibit 1.

4. There is no legal justification for Defendant's failure to comply with MIDPP requirements to be found in precedent, Local Rule, Federal Rule, or the MIDPP Standing Order, and Defendant has met its obligations under these sources of law to bring this Motion and receive expenses associated with this Motion, including attorney's fees, from Defendant for Defendant's noncompliance.

5. The MIDPP Standing Order indicates that participating courts require mandatory initial discovery be tendered within 30 days of a responsive pleading in all civil cases other than: "(1) cases exempted by Rule 26(a)(1)(B), (2) actions under the Private Securities Litigation Reform Act ("PSLRA"), (3) patent cases governed by a local rule, and (4) cases transferred for consolidated administration in the District by the Judicial Panel on Multidistrict Litigation." Standing Order Regarding Mandatory Initial Discovery Pilot Project.

6. None of the MIDPP exemptions apply in the present case. Particularly, there is no authority suggesting that a Freedom of Information Act case is exempt from initial discovery disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)(i) as an "action for review of an administrative record." Fed. R. Civ. P. 26; *see Kinney v. Cent. Intelligence Agency*, CASE NO. C16-5777, at *3, 2017 WL 698795, (W.D. Wash. Feb. 22, 2017) (Stating there is no authority supporting exempting FOIA cases from initial disclosures under Rule 26(a)(1)(B)). This action is

not brought under the Administrative Procedures Act, does not involve the decision of an Administrative Law Judge, and does not implicate notice and comment or other administrative rulemaking procedures—nor is it an administrative appeal. FOIA itself specifies de novo review of an agency's actions to withhold records rather than applying standards of review commonly found in cases seeking review of administrative decisions. 5 U.S.C. § 552(a)(4)(B).

7. The Committee Notes on the Rules—2000 Amendment state of the Rule 26(a)(1)(B)(i) exemption that "The exclusion of an action for review on an administrative record, for example, is intended to reach a proceeding that is framed as an 'appeal' based solely on an administrative record. The exclusion should not apply to a proceeding in a form that commonly permits admission of new evidence to supplement the record." Committee Notes on Federal Rules of Civil Procedure—2000 Amendment.

8. The present action is not "framed as an 'appeal' based solely on an administrative record" as referenced by the Committee Notes, and, given that new evidence to supplement the record is permissible in adjudication of the alleged burden of searching for and producing records in FOIA cases—the Court has already allowed fact discovery on this very issue in the present case—the Committee Comments further show that Rule 26(a)(1)(B)(i) would not be a permissible justification for Defendant's withholding of MIDPP responses. Committee Notes on Federal Rules of Civil Procedure—2000 Amendment; Dkt. 17; Exhibit 1. Chapman does not "appeal" anything; he sues for search, review, and production on his requests and accompanying (ignored) informal appeal to Defendant's FOIA officers and Director. Compl.

9. The MIDPP Standing Order also indicates that "unlike initial disclosures required by current Rule 26(a)(1)(A) and (C), this Standing Order does not allow parties to opt out." Standing Order Regarding Mandatory Initial Discovery Pilot Project.

3

10. Unlike at least one other jurisdiction, there is no Local Rule of the Northern District of Illinois exempting FOIA cases from initial disclosures.

11. Federal Rule of Civil Procedure 37 states that "… a party may move for an order compelling disclosure or discovery" and provides that "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

12. The Northern District of Illinois Local Rule 37.2 further indicates that in order to bring a motion compelling discovery, such a motion must state "...that after consultation in person or by telephone and good faith attempts to resolve differences [parties] are unable to reach an accord…." A movant's statement must describe "where the consultation occurred [and] the date, time and place of such conference, and the names of all parties participating therein." N.D.Ill. L.R. 37.2.

13. After being informed that Defendant would not comply with the MIDPP Standing Order as a matter of office policy on FOIA cases, Chapman, through his counsel Daniel Massoglia, on November 5, 2018 suggested by email to Assistant United States Attorneys Jimmy Arce and Linda Dickerson that their office make an exception in this case given the MIDPP Standing Order and given the Court's statements during the parties' initial status hearing, at which Defendant was not present, which were to the effect that fact discovery could commence only following the completion of MIDP disclosures. Exhibit 1.

14. This conversation on November 5, 2018 was the first time Defendant indicated to Chapman that it would not comply with the MIDPP Standing Order and would withhold initial disclosures; the parties agreed on a discovery schedule during their earlier Rule 26(f) Conference

4

but counsel did not inform Chapman of its office policy of non-compliance in FOIA cases at this time. Chapman expended significant time preparing a thorough response to MIDPP provisions.

15. After the initial email exchange regarding the MIDPP, Massoglia and Arce conferred by phone on November 6, 2018, at which point Defendant stated that Chapman's disclosures were "helpful" and reiterated that Defendant did not intend to comply with the MIDPP Standing Order and make responses to the subject matter encompassed by the Order.

16. On November 12, 2018, Massoglia again reached out to Defendant's counsel Dickerson and Arce seeking to resolve the issue in good faith and without the necessity of a motion, making himself available to discuss the matter for the duration of the week and providing a November 16, 2018 deadline to reach an accord. Exhibit 1.

17. Massoglia followed up his email with two phone calls to Arce on November 14, during each of which the parties conferred and attempted in good faith to resolve the issue. Arce again stated that there would be no compliance with the MIDPP Order in this matter. On one of these calls, Massoglia reminded Arce that Defendant could be responsible for Plaintiff's expenses, including attorney's fees, incurred in making the motion.

18. Plaintiff certifies and states that he has met the requirements of Federal Rule 37 and Local Rule 37.2 by making multiple attempts to resolve the issue without motion by conferring in good faith by telephone with Arce on November 6, 2018 and November 14, 2018 and supplementing these conversations with email efforts at finding accord on November 5, 2018 and November 12, 2018 to Arce and Assistant United States Attorney Linda Dickerson.

19. Should this Motion be granted, Chapman is eligible for and should receive reasonable expenses incurred in making the motion, including attorney's fees, under Federal Rule 37(a)(5) as he attempted in good faith to resolve the issue without a motion, Defendant's position

is substantially unjustified, and no other circumstances render an award unjust. Fed. R. Civ. P. 37(a)(5).

20. The Court and the Northern District of Illinois generally are prejudiced by Defendant's actions because they create "undue delay and expense in the administration of justice." N.D.Ill. L.R. 37.2. Ostensibly needless litigation such as here clogs the wheels for all matters before the Court. As the 7th Circuit has noted, "Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention." *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir.1991).

21. Plaintiff is as well prejudiced without initial disclosures; given that this case turns in part on a contested factual issue of alleged burden of searching for responsive and FOIA-able public records, information identifying parties likely to have discoverable information or who have made written statements relevant to any party's claims or defenses will allow for an informed and expeditious exploration and adjudication of the methods to reduce search burden that exist.

22. It is further fundamentally inequitable that Plaintiff has tendered initial MIDPP responses without concomitant disclosure by Defendant; Defendant stated that Plaintiff's disclosures were "helpful" but has ventured no offering of its own.

23. Finally, via the terms of the Court's Order on the parties' October 17, 2018 status hearing, Plaintiff arguably may not serve formal discovery "until both parties have complied with the MIDP;" Defendant's failure to provide MIDPP disclosures without offering a rationale justifiable under the Standing Order, Local Rule, or other law, injects ambiguity into the process, prejudicing the Plaintiff further. Dkt. 17.

**WHEREFORE**, Plaintiff Matthew Chapman moves this Court to enter an order that:

6

a. Grants the Motion to Compel Mandatory Initial Discovery Pilot Project (MIDPP) Disclosures;

b. Awards Plaintiff expenses, including attorney's fees, incurred in making the motion; and

c. Grants any other relief the Court deems equitable, proper, and just.

Respectfully submitted,

__/s/ *Daniel Massoglia*_____
Daniel Massoglia
One of Plaintiff's Attorneys

Daniel E. Massoglia
Daniel E. Massoglia, Esq.
Illinois Bar No. 6317393
2865 W. Lyndale St.
# 1
Chicago, IL 60647
dmassoglia@gmail.com
(336) 575-6968

Mariana Karampelas
MK Law, LLC
Illinois Bar No. 6306288
180 W. Washington St.
Suite 700
Chicago, IL 60602
mk@mklawchicago.com
(312) 545-8660

*Attorneys for Plaintiff*

# Exhibit 1



**Daniel Edward Massoglia <dmassoglia@gmail.com>**

# Chapman - MIDPP Responses
5 messages

---

**Daniel Massoglia** <dmassoglia@gmail.com>      Mon, Nov 5, 2018 at 5:39 PM
To: "Arce, Jimmy (USAILN)" <Jimmy.Arce@usdoj.gov>

Hey Jimmy,

Attached are Plaintiff's MIDPP responses.

I'm available if you want to talk about the case further in upcoming days and weeks.

Best,
Daniel

--
Daniel Massoglia
Attorney at Law


**Chapman_MIDPP_final.pdf**
5112K

---

**Daniel Massoglia** <dmassoglia@gmail.com>      Mon, Nov 5, 2018 at 5:48 PM
To: "Arce, Jimmy (USAILN)" <Jimmy.Arce@usdoj.gov>, linda.dickerson@usdoj.gov

Dear Linda and Jimmy,

I noticed that there is an additional contact on this case when filing my notice of service of these responses. I have cced Linda--hello, Linda--here to get the responses to both of you.

Have a good evening,
Daniel
[Quoted text hidden]


**Chapman_MIDPP_final.pdf**
5112K

---

**Arce, Jimmy (USAILN)** <Jimmy.Arce@usdoj.gov>      Mon, Nov 5, 2018 at 7:27 PM
To: Daniel Massoglia <dmassoglia@gmail.com>
Cc: "Dickerson, Linda (USAILN)" <Linda.Dickerson@usdoj.gov>

Thanks, Dan. I should have explained this earlier to save you the trouble, but our office generally does not issue initial disclosures for FOIA cases. I'm in the office tomorrow and available for a phone call in the afternoon to explain.

Thanks

> On Nov 5, 2018, at 5:49 PM, Daniel Massoglia <dmassoglia@gmail.com> wrote:
>
> Dear Linda and Jimmy,
>
> I noticed that there is an additional contact on this case when filing my notice of service of these responses. I have cced Linda--hello, Linda--here to get the responses to both of you.
>
> Have a good evening,
> Daniel
>
> ---------- Forwarded message ---------
> From: Daniel Massoglia <dmassoglia@gmail.com<mailto:dmassoglia@gmail.com>>
> Date: Mon, Nov 5, 2018 at 5:39 PM
> Subject: Chapman - MIDPP Responses
> To: Arce, Jimmy (USAILN) <Jimmy.Arce@usdoj.gov<mailto:Jimmy.Arce@usdoj.gov>>
>
>
> Hey Jimmy,
>
> Attached are Plaintiff's MIDPP responses.
>
> I'm available if you want to talk about the case further in upcoming days and weeks.
>
> Best,
> Daniel
>
> --
> Daniel Massoglia
> Attorney at Law
>
>
> --
> Daniel Massoglia
> Attorney at Law
> <Chapman_MIDPP_final.pdf>

---

**Daniel Massoglia** <dmassoglia@gmail.com>  Mon, Nov 5, 2018 at 7:35 PM
To: "Arce, Jimmy (USAILN)" <Jimmy.Arce@usdoj.gov>
Cc: "Dickerson, Linda (USAILN)" <Linda.Dickerson@usdoj.gov>

Hey Jimmy,

Hm. In this case you might consider making an exception now given that the judge referenced the parties' MIDP disclosures as a prerequisite to beginning fact discovery.

Happy to talk about it tomorrow afternoon. My schedule should free up around 2:30 unless I'm needed to go represent a client at a police station (my solo practice is a small endeavor--my primary job is at a nonprofit that provides representation to individuals at police stations and I'm on call this week).

Best,
Daniel
--
Daniel Massoglia
Attorney at Law

(sent via mobile)

[Quoted text hidden]

---

**Daniel Massoglia** <dmassoglia@gmail.com>                                      Mon, Nov 12, 2018 at 4:12 PM
To: "Arce, Jimmy (USAILN)" <Jimmy.Arce@usdoj.gov>
Cc: "Dickerson, Linda (USAILN)" <Linda.Dickerson@usdoj.gov>

Hi all,

Checking in to see if you are able to make an exception to the office policy in this case and provide responses to the MIDPP disclosures per the MIDPP Order, and if so, by when. We hope that there is a way to resolve this without a motion to compel--please let me know if there's a good faith way to work this out. I am out of town on vacation and available flexibly the rest of this week by telephone or via email to discuss this further. If we are not able to reach an accord by the end of the week, November 16, 2018, Plaintiff will file a motion to compel.

Best,
Daniel

[Quoted text hidden]