UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18 C 4269 |
| v. | ) | |
| | ) | Judge Tharp |
| OFFICE OF MANAGEMENT AND BUDGET, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Matthew Chapman has filed a motion to compel defendant to comply with the Mandatory Initial Discovery Pilot Project (MIDPP). However, because this is a FOIA case, discovery will not be warranted. Accordingly, initial disclosures are unnecessary, wasteful, and burdensome (with no benefit), and plaintiff's motion should be denied.

**Background**

On June 20, 2018, plaintiff Matthew Chapman filed his complaint seeking compliance with FOIA requests sent to the Office of Management and Budget ("OMB") in July and November 2017. Plaintiff's original FOIA request, sent on July 11, 2017, sought metadata—the *to*, *from*, *cc*, *bcc*, and *date and time* information—for all emails sent by @omb.eop.gov email addresses during January 2017. In response, OMB denied plaintiff's request and stated that the request was "overly broad." On November 29, 2017, plaintiff submitted a second FOIA request, seeking the same information as the initial FOIA request, but during a narrower period—January 19-24 and 30, 2017.

OMB did not respond to the November 2017 FOIA request, and plaintiff filed this lawsuit. Defendant filed its answer on October 5, 2018, and advised plaintiff that it would make a determination as to whether it would comply with the November 2017 FOIA request. On November 14, 2018, defendant sent plaintiff a letter stating its position regarding plaintiff's FOIA requests. Ex. 1 (11/14/18 Letter). The letter explained that plaintiff's FOIA request was "overly broad" and called for the creation of new records, which is not required by the FOIA statute. *Id*. (citing *Frank v. Dept. of Justice*, 941 F.Supp. 4, 5 (D. D.C. 1996) (agency is not required to create a document that answers plaintiff's questions)). Rather than filing a motion for summary judgment, the letter invited plaintiff to submit a more narrow and less burdensome FOIA request.

Plaintiff has not submitted a narrower FOIA request and instead filed a motion to compel compliance with the MIDPP.

## Argument

Plaintiff's motion to compel compliance with the MIDPP should be denied because, generally speaking, there is *no* discovery in a FOIA case. It follows, then, that there is also no *initial* discovery in a FOIA case. The issue in a FOIA case "is *not* whether the other documents exist, but rather whether the search of undisclosed documents was adequate." *Becker v. IRS*, 34 F.3d 398, 405-06 (7th Cir. 1994) (emphasis in original). The determination of whether the search is "adequate" is typically achieved through summary judgment. *Patterson v. I.R.S.*, 56 F.3d 832, 835-36 (7th Cir. 1995). The Seventh Circuit has recognized that it is prudent to entertain summary judgment motions *before* conducting discovery in FOIA cases. *Henson v. Dept. of Health and Human* Services, 892 F.3d 868, 874 (7th Cir. 2018).

When deciding whether discovery in a FOIA matter is even warranted, the court should consider whether the agency conducted a reasonable search for documents in response to the FOIA

request. *Kozacky v. Weitzel, P.C. v. U.S. Dept. of Treasury, I.R.S.*, 2008 WL 2188457, at *6 (N.D. Ill. April 10, 2008) (citing *Patterson*, 56 F.3d at 836). The court considers whether a defendant's affidavits in support of summary judgment show the agency has conducted a thorough search and give a reasonably detailed explanation of why exemptions apply. *Carney v. United States Dept. of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). Because such affidavits are presumed to be in good faith, discovery is not necessary unless the plaintiff makes a showing of bad faith or points to tangible evidence that a claimed exemption should not apply, or if summary judgment is inappropriate for some other reason. *Id.* Here, the court has not had an opportunity to determine whether the search for the requested documents was adequate because defendant has not yet filed its motion for summary judgment and accompanying affidavits. *White v. Dept. of Justice*, 2018 WL 3656344, at *2 (S.D. Ill. Aug. 2, 2018) (affidavits presumed to be in good faith and discovery unnecessary unless plaintiff makes a showing of bad faith); *Citizens for Responsibility and Ethics in Washington v. U.S. Dept. of Veterans Affairs*, 828 F.Supp.2d 325, 329 (D. D.C. 2011) (summary judgment in FOIA case may be awarded "solely on the basis of information provided in affidavits or declarations.").

Moreover, plaintiff has failed to identify what records or discovery he would be seeking. Rather, he seeks to have defendant comply with the mandatory initial discovery pilot project, apparently as a tactic to make this case more difficult than necessary. However, discovery sought in a FOIA case, if it is allowed, "should be limited to what is needed to oppose summary judgment." *Evans v. U.S. Dept. of the Interior*, 2015 WL 4996318, at 85 (N.D. Ind. Aug. 20, 2015). Without specifying what materials he is seeking, specifically, any requests for discovery by plaintiff should be denied.

3

**Conclusion**

For the foregoing reasons, plaintiff's motion to compel should be denied.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Jimmy L. Arce
    JIMMY L. ARCE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-8449
    jimmy.arce@usdoj.gov