# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-CV-4269 |
| | ) | |
| OFFICE OF MANAGEMENT AND BUDGET, | ) | Judge Hon. John J. Tharp |
| | ) | |
| | ) | Magistrate Hon. Jeffrey T. Gilbert |
| Defendant. | ) | |
| . | ) | |

## REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL MANDATORY INITIAL DISCOVERY PILOT PROJECT DISCLOSURES

### Introduction

The Northern District of Illinois does not exempt FOIA cases from initial disclosures, but Defendant's Response attempts, without authority, to show that the typical lack of discovery in FOIA cases is in fact an absolute rule barring initial disclosures. The remainder of Defendant's Response ignores the subject of Chapman's Motion, MIDPP disclosures, instead offering misplaced and inapposite case law surrounding later fact discovery and a defendant's burden of showing adequacy of search in FOIA summary judgment motions. The Response in total presents no compelling reason why Defendant should be exempted from the discovery rules outlined by the MIDPP Standing Order and Chapman's Motion should be granted.

### Argument

Defendant's Response attempts to present the typical sparse discovery practices in FOIA cases as an absolute rule exempting a party from initial disclosures, but in doing so it ignores

existing rules in favor of initial disclosures and the fact that the present action is not a typical FOIA case.

Unlike, for example, the District Court for the District of Columbia, the Northern District of Illinois has chosen not to exempt FOIA cases from initial disclosures via its Local Rules. *Compare* D. D.C. L.R. 16.3(b)(10) *with* N.D. Ill. L.R.. The Northern District's MIDPP standing order does not exempt FOIA cases from initial disclosures. No Federal Rule of Civil Procedure exempts FOIA cases from initial disclosures; indeed, one district court elsewhere has stated that there is *no* authority supporting Defendant's blanket assertion that FOIA cases are exempt. Motion ¶¶ 4-10; *Kinney v. Cent. Intelligence Agency*, CASE NO. C16-5777, at *3, 2017 WL 698795, (W.D. Wash. Feb. 22, 2017)

The first paragraph of the Response's Argument section states that "generally speaking, there is *no* discovery in a FOIA case," and then, omitting that it is speaking of a "general" practice, concludes that there is thus no initial discovery in *any* FOIA case. Response at 2. The Response cites no authority for its proposition that there must be no initial disclosures in a FOIA case brought in the Northern District of Illinois.

Given these facts, and that the Court has already allowed discovery on issues related to the alleged burden of a search for email metadata, Chapman would be unfairly prejudiced were he forced to use some of his limited interrogatories to identify witnesses and obtain information that Defendant should have already provided him by responding to the MIDPP. Dkt. 17. Chapman will need all of his allowed interrogatories to lay the basis to defend or bring a summary judgment motion given the technical complexity of the issues of search burden at play in the case. Further, Chapman's own discovery should be informed by the information Defendant should have provided in its disclosures.

2

In this vein, the present case is also not the typical FOIA action. Chapman is aware of no reported cases dealing squarely with the issue of producing and searching for email metadata records stored in email servers' databases, a question that will largely turn on a rigorous technical explication of Defendant's email infrastructure and search capacity. Chapman cannot afford to—and should not be forced to—use his interrogatories to obtain information that should be provided as part of initial disclosures. Defendant's argument in its Exhibit 1 that searching on Chapman's Request would require the "creation of a new record" bears out this point—a court considering this very issue in regard to another FOIA request for records in a database called the question "somewhat muddled," illustrating the necessity of the early development of a thorough factual record here. Response Exhibit 1; *National Sec. Counselors v. C.I.A.*, 898 F.Supp.2d 233, 270 (D. D.C. 2017). ("Nevertheless, the distinction between searching and either performing research or creating records remains somewhat muddled.")

It would be fundamentally inequitable for Defendant to have initial disclosures, which Chapman has provided, while denying them to Chapman, particularly when fact discovery will place efficiency at a premium and should properly be informed and guided by information in initial disclosures. Ordering initial disclosures will expedite the resolution of this case. While it is of course within the Court's wide latitude over discovery to exempt Defendant from initial disclosures in this case, no such limitation is appropriate here and the Motion should be granted.

Defendant's case law in the Response is broadly inapposite, inapplicable, or flatly contrary to the Response's contentions with respect to the present Motion. In *Hensen v. Dept. of Health and Human Services*, for example, the 7th Circuit did not in fact rule that it is always prudent to forego FOIA discovery until a summary judgment motion—it merely affirmed that a Magistrate Judge's decision to rule as such was within the discretion of that court. 892 F.2d 868, 874 (7th Cir. 2018)

("The magistrate judge reasoned that, in cases under the Freedom of Information Act, it is prudent to entertain summary-judgment motions before discovery. The magistrate judge's decision to grant the stay and set a briefing schedule was within his considerable discretion to manage the court's docket….")

Other cases cited in the Response, *Becker v. I.R.S.* and *Patterson v. I.R.S.*, do not address initial disclosures at all and are further not supportive of the Response's contention that initial disclosures are exempt and that discovery is not permitted in FOIA cases. *Becker*, like *Henson*, did not make a brightline ruling on FOIA discovery—it again simply held that the lower court did not abuse its discretion in failing to rule on a discovery motion prior to granting summary judgment. *Becker*, 34 F.3d 398, 405-406 (7th Cir. 1994). And in *Patterson*, discovery was not even at issue in the holding; nonetheless, a footnote in that decision suggests that discovery *did* in fact occur prior to summary judgment in the case. *Patterson v. I.R.S.*, 56 F.3d 832, nn. 14 (7th Cir. 1995).

Defendant's reliance on another case outlining summary judgment burdens on an agency to show adequacy of search is likewise not supportive of Defendant's position. In *Kozacky v. Weitzel, P.C. v. U.S. Dept. of Treasury, I.R.S.*, for example, the court actually *allowed* discovery on questions of adequacy of search prior to summary judgment while disallowing other discovery unrelated to this issue. 2008 WL 2188457 at *6 (N.D. Ill. April 10, 2008) ("…the Court will require the IRS to answer those interrogatories that are directed to the adequacy of its search…").

*Becker*'s, *Patterson*'s, and *Kozacky*'s natures evince multiple disconnects with the present case and Motion. 34 F.3d at 405-406; 56 F.3d 832 at nn. 14; 2008 WL 2188457 at *6. The Motion seeks initial disclosures, not fact discovery (which this Court has already allowed). Motion; Dkt. 17. Further, from the pleadings, the parties agree here that *no* search was conducted, much less an

adequate one. Compl. ¶ 13; Compl. ¶ 13, Ex. 2; Ans. ¶ 13. It is an unconvincing departure from the circumstances of this Motion to so heavily emphasize law regarding summary judgment standards in general and a) with cases where no brightline rule prohibiting initial disclosures or indeed discovery generally was established; b) with cases where discovery was in fact allowed prior to summary judgment as in *Patterson* and *Kozacky*; c) with cases where the *adequacy* of a search was at issue, given that there was no search on Chapman's requests; and d) citing law where discovery was not an issue at all.

The bulk of Defendant's Response, and its authority, is misdirected, and conflates the subject of the Motion—compliance with court-ordered initial disclosures of the MIDPP—with later fact discovery issues. Although Defendant's statements regarding Chapman's alleged failure to identify the subjects of his later discovery are thus largely irrelevant, Chapman has actually identified the subject matter of his forthcoming fact discovery requests on multiple occasions: to the Court on October 17, 2018 (a hearing at which Defendant was not present), to Defendant's counsel during the parties' September 14, 2018 Rule 26(f) conference (when the parties agreed on a discovery schedule), and again to Defendant's counsel during the parties' November 14, 2018 Rule 37 conferral prior to this motion.

Chapman is not seeking information on "whether the other documents exist," as Defendant quotes *Becker v. IRS*, 34 F.3d at 405-406, to say. Rather, Chapman will, in his later discovery requests following initial disclosures, seek information that will allow him to show to the court that a search was improperly not conducted but is possible with minimal burden to Defendant based on its own technical capacity, interrogatories akin to those allowed in *Kozacky*. 2008 WL 2188457 at *6. Chapman can already offer some evidence in support of his position based on his

experience as a software engineer and independent research, but discovery is necessary to adequately explore the issue.

To the degree that the issue of later fact discovery is relevant to the present Motion, Defendant's case law supports or at very least does not prohibit discovery prior to a motion for summary judgment in this case, bolstering Chapman's Motion.

## Conclusion

Because there is no relevant law or rule that exempts FOIA cases from initial disclosures, because it would be inequitable to force Chapman to spend interrogatories seeking necessary information that Defendant should have provided, and because Defendant's case law is inapplicable, the Court should, in its discretion, grant Chapman's Motion.

Respectfully submitted,

/s/ Daniel E. Massoglia
    Daniel Massoglia
    One of Plaintiff's attorneys

    Daniel E. Massoglia
    Daniel E. Massoglia, Esq.
    Illinois Bar No. 6317393
    2865 W. Lyndale St.
    # 1
    Chicago, IL 60647
    dmassoglia@gmail.com
    (336) 575-6968

    Mariana Karampelas
    MK Law, LLC
    Illinois Bar No. 6306288
    180 W. Washington St.
    Suite 700
    Chicago, IL 60602
    mk@mklawchicago.com
    (312) 545-8660

    *Attorneys for Plaintiff*